IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA D. BURTON,

                    Plaintiff,                                 CV-05-1329-PK

        v.                                       FINDINGS AND
                                                RECOMMENDATION

JO ANNE B. BARNHART, Commissioner of Social
Security,

                        Defendant.

**KAREN STOLZBERG**
11830 SW Kerr Parkway, #315
Lake Oswego, Oregon 97035

        Attorney for plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 SW Third Ave, Suite 600
Portland, Oregon 97204

**NANCY A. MISHALANIE**

1 - FINDINGS AND RECOMMENDATION

Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave, Suite 2900 M/S 901
Seattle, Washington 98104

      Attorneys for defendant

PAPAK, Magistrate Judge:

## INTRODUCTION

Plaintiff Sandra D. Burton (Burton) brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act.  This court has jurisdiction under 42 U.S.C. § 405(g).

The Commissioner moves the court to remand for further proceedings to correct errors in her decision (docket # 19).  Burton opposes additional proceedings and seeks a remand for the calculation and immediate award of benefits.  The Commissioner's motion to remand for further proceedings should be denied and the case should be remanded for an award of benefits.

## BACKGROUND

Burton was born August 27, 1946.  She completed high school and some beauty school. She has worked as a foster care relief provider, a hairdresser and a janitor.  Burton alleges disability as of April 15, 1998 due to fibromyalgia, arthritis, anxiety and bone loss.  Tr. 27, 139.

Burton previously filed for benefits on August 23 ,1999.  Tr. 63.  Her application was denied and she made no appeal.  Tr. 30.

The matter before this court involves Burton's application for SSD benefits filed on July 19, 2001.  The Commissioner found that she was disabled as of July 1, 2001, but was ineligible for benefits because Burton was last insured for disability benefits on June 30, 2000.  Tr. 29.  However, her application for SSI was granted effective July 1, 2001.  Tr. 91.  The issue throughout Burton's

appeals has been whether she was disabled on or before June 30, 2000, her date last insured (DLI).

Burton timely filed a request for reconsideration that was denied. Tr. 38, 39. She then requested a hearing before an ALJ. That hearing was conducted on October 27, 2003 by ALJ Riley J. Atkins. The ALJ found that Burton was not disabled as of her DLI. Burton now appeals to this court.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential process of up to five steps for determining whether a person is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity" (SGA). *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). The ALJ found that Burton had not engaged in SGA during the relevant period. Tr. 23.

In step two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). The ALJ found that Burton has medically determinable severe impairments including "status post left knee arthroscopy, status post cervical strain and status post bilateral bunionectomies

with subsequent hardware removal and 'fibromyalgia.'" Tr. 21. The ALJ further found that Burton suffers from an adjustment disorder and histrionic personality traits and that those disorders are not severe within the meaning of 20 C.F.R.§ 404.1520a appendix 1, section 1200C. Tr. 21-A.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." *Yuckert*, 482 U.S. at 140-41; *see* 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. *Yuckert*, 482 U.S. at 141. The ALJ found that Plaintiff's medically determinable severe impairments do not meet or medically equal one of the listed impairments. Tr. 23.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant is so able, then the Commissioner finds the claimant "not disabled." In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Regulation (SSR) 96-8p. The ALJ concluded that Plaintiff retains the RFC to

> engage in light exertion, or work which requires maximum lifting of 20 pounds and frequent lifting of 10 pounds (20 C.F.R. §404.1567). She should only occasionally engage in kneeling, crouch, crawling or balancing.

Tr. 23. The ALJ found that Burton is unable to perform any of her past relevant work. *Id*.

In step five, the burden rests with the Commissioner to identify work in the national economy that the claimant is capable of performing according to the claimant's RFC. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(f). If the Commissioner meets this burden and proves that the

claimant is able to perform other work that exists in the national economy, the claimant is not disabled. 20 C.F.R. § 404.1566. If the Commissioner fails to meet this burden, then the claimant is deemed disabled. At step five, the ALJ found that Burton is able to work as an assembler, ticket seller and electronic worker, and that these jobs exist in significant numbers in the national economy. Tr.23.

## STANDARDS

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

The court may remand for an immediate award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting probative evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d at 1178 citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is actually a subpart of the second. *See Harman*, 211 F.3d at 1178 n. 7.

**DISCUSSION**

Burton contends that the ALJ erred at step two when he failed to find that cervical arthritis and inner ear concussion syndrome are severe.  Plaintiff's Opening Brief at 16.  Burton further argues that the ALJ improperly rejected her testimony regarding her pain and improperly rejected the lay witness testimony.  *Id*.  Finally, Burton argues that the ALJ gave improper and incomplete hypotheticals to the Vocational Expert (VE).  *Id*.

After Plaintiff filed her opening brief, the Commissioner moved for remand for further proceedings.  The Commissioner admits no specific error, but lists several tasks for the ALJ on remand including:  reevaluation of the opinion of Dr. Vinikoor in light of the results of x-rays taken in 1998;  reevaluation of the opinions of Drs. Nilaver and Epley; reevaluation of whether Burton's mental impairments are severe using the "special technique"; reevaluation of the credibility of Plaintiff in light of the 1998 x-ray results; and evaluation of new evidence submitted to the Appeals Council.  Defendant's Memorandum for Remand at 6 ("Defendant's Memorandum").

In response to the Commissioner's motion for remand, Burton argued that the record before the ALJ was sufficient to support a finding of disability and that the court should remand for benefits.

I.      **Analysis at Step Two**

Notwithstanding the fact that the ALJ found that she suffered from severe impairments, Burton argues that the ALJ erred at step two by failing to find that Burton's cervical arthritis and inner ear concussion syndrome are severe conditions.  Plaintiff's Opening Brief at 16.  Burton's argument is without merit.

At step two of the sequential evaluation, the claimant must show that she has a severe impairment or combination of impairments.  The burden of proof is on the claimant.  *Yuckert*, 482 U.S. 146.  If she cannot meet this burden, the Commissioner will find her "not disabled" without continuing to the remaining steps in the sequential process.  20 C.F.R. § 404.1520(c); SSR 85-28.

This threshold showing of severity is designed to increase the efficiency of the evaluation process by excluding at an early stage claimants whose impairments are so slight that the remaining steps are highly unlikely to lead to a finding of disability.  *Yuckert,* 482 U.S. at 153.  The ALJ can deny a claim at step two only if the claimant's impairments do not have more than a minimal effect on his ability to perform basic work functions.  20 C.F.R. § 404.1521(a); SSR 85-28.

Burton apparently confuses two questions the Commissioner must resolve.  The first is whether the claimant has any impairment that satisfies the threshold showing of severity necessary to get past step two.  20 C.F.R. § 404.1521.  The second is whether, having surmounted the threshold requirement, the claimant has functional limitations from the combination of all of her impairments, including psychological impairments whether severe or not, that must be considered in the remaining steps.  20 C.F.R. § 404.1523.

Burton relies on *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005) in support of her argument.  The ALJ in *Webb* found that the claimant had failed to make the threshold severity showing, concluded that the claimant was not disabled at step two, and failed to continue the remaining steps in the sequential evaluation process.  *Webb* does not apply here, because the ALJ found that Burton satisfied the threshold severity showing and performed the remaining steps.  Tr. 21A.

With respect to the two questions mentioned previously, the ALJ answered the first by concluding that Burton had impairments that satisfied the threshold showing of severity necessary

to get past step two.  20 C.F.R. § 404.1521.  The court finds no error in that conclusion.  The ALJ answered the second question, regarding the functional limitations resulting from Burton's combined impairments, in his RFC assessment.  *See* Tr. 21A-22.

## II.    Credibility of the Claimant

Plaintiff next argues that the ALJ improperly rejected Burton's testimony regarding her "subjective symptoms."  Plaintiff's Opening Brief at 20.  In her motion for remand, the Commissioner suggests that the case should be remanded so the ALJ can "further evalu[ate] the credibility of Plaintiff in light of the x-ray findings."  Defendant's Motion at 6.  There are two reports of x-rays taken in 1998.  One report dated March 30, 1998 is from Kaiser in Portland.  *See* Tr. 209.  This document was part of the administrative record before the ALJ as Exhibit 2F.  Tr. 4.  The second report dated May 26, 1998 is from Chiropractor Tyrone Wei.  *See* Tr. 322.  This second report was not part of the administrative record, but was submitted to the Appeals Council.

At the hearing, Burton testified that she stopped working as a janitor in 1996 when she had surgery on her feet to correct hereditary bunions on both feet.  Tr. 389.  Because of the bunions, her feet hurt her while she worked.  *Id*.  She further testified that even after surgery she suffered pain in her feet, and was unable to stand and walk for long periods of time.  Tr. 390.  Burton testified that since her surgery she can walk for no more than half and hour and stand for even less time.  Tr. 391.

Also during the hearing Burton testified that she has suffered from dizziness and pain in her neck from a car accident in 1998.  Tr. 394-96.  She said that her dizziness was triggered by moving her head too quickly.  Tr. 396.  Her dizziness restricted her activities in that she needed assistance shopping and with household chores.  Tr. 397.  She still suffers from these symptoms, but has

learned to cope, although she still needs assistance with household chores.  Tr. 398.  Finally, Burton testified that she is unable to lift 10 to15 pounds without pain to her neck.  Tr. 406.

Regarding Burton's testimony, the ALJ found that, "I have considered the claimant's testimony and find it generally credible to the extent she does have medically determinable impairments which do cause vocationally relevant limitations but not to the extent she was completely unable to engage in any basic work activities during the relevant period."  Tr. 22.

To evaluate a claimant's testimony regarding exceptional limitations, the ALJ must consider first if there is objective medical evidence of impairment that could reasonably be expected to produce some degree of symptom.  *Smolen*, 80 F.3d at 1282 citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.1986).  This test requires only that the causal relationship between the impairment and the symptom be a reasonable inference, not a medically proven phenomenon. *See Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir.1986) (noting that "we have never required that the medical evidence identify an impairment that would make the pain inevitable").  "So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence. But the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Banal v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991).  If the ALJ makes such a finding, and there is no evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ gives clear and convincing reasons to do so.  *Smolen*, 80 F.3d at 1284-85.

As an initial matter I find that the ALJ rejected statements that, if true, would effect the outcome of the hearing.  Specifically, the ALJ rejected Plaintiff's testimony about her foot pain and

her neck pain which, if true, could make her unable to perform work at a light exertional level.  I further find that there is no evidence or allegation of malingering.  I now turn to the question of whether the ALJ properly evaluated Plaintiff's testimony.

Regarding Burton's allegations of foot pain the ALJ rejected her testimony on the sole grounds that "the treatment records revealed she was doing quite well status post surgery with minimal finding on examination."  Tr. 22.  The record does not support this conclusion.

The record indicates that Burton has had surgery on her right foot twice:  once in 1996 and once in 1998.  Tr. 189.  During the second surgery, doctors removed a screw that was used during her 1996 surgery to repair a bunion. *Id.*  The record also indicates that in 1996 her physician informed her that she would require multiple surgeries on her left foot.  Tr. 202.  Burton has had only one surgery on her left foot.  The ALJ's basis for rejecting Burton's testimony regarding her foot pain is not supported by the record.  The record indicates that she has ongoing severe foot problems that require future medical treatment.

Next, the ALJ rejected Burton's testimony about her neck pain relying on a report from Dr. Vinikoor.  Specifically, the ALJ noted that Dr. Vinikoor, "reported the claimant to be a somewhat dramatic and forceful historian and did not view any of her musculoskeletal complaints as being disabling.  Dr. Vinikoor reported [sic] had concerns surrounding possible secondary gain issues."  Tr. 22.  Although Dr. Vinikoor did not believe that Burton's neck pain was due to a bone or disc problem, she ordered neck x-rays.  Tr. 199.

The x-rays dated March 30, 1998, showed "some fairly prominent arthritic changes diffusely throughout the mid and lower cervical cantra.  Foramina encroachment is readily demonstrated on the oblique views but there  is nothing to indicate evidence of acute wedging deformities."  Tr. 209

This report undermines Dr. Vinikoor's initial impression regarding Burton's neck pain. Therefore, the ALJ's basis for rejecting Burton's testimony regarding her neck pain is not supported by the record.

The ALJ also rejected Burton's testimony regarding her dizziness. The ALJ stated that Dr. Dew and Dr. Epley "reported there was no objective evidence to support the claimant's allegations. The reports of examining and treating doctors are inconsistent with claimant's subjective allegations." Tr. 22. The record reflects that Burton has seen several physicians to determine the cause of her dizziness. In November of 1998, Dr. Epley diagnosed Burton with inner ear concussion syndrome and with a labyrinthine dysfunction, both of which can cause dizziness. Tr. 228, 231, 238. Dr. Dew found no objective basis for Burton's claims of dizziness. Tr. 246.

I find that there is objective medical evidence in the record to support Burton's claims of dizziness: Dr. Epley's diagnoses in 1998. Furthermore, I find that the ALJ's basis for rejecting Burton's complaints, that the objective medical evidence does not support her claim, is insufficient. *See Banal* at 346-47; *Smolen*, 80 F.3d at 1284-85.

Finally, the ALJ gave no specific reason for rejecting Burton's testimony about her inability to lift 10 to 15 pounds. Because Burton testified that lifting that weight caused neck pain and I have already found that the ALJ's basis for rejecting Burton's allegations of neck pain are insufficient, I similarly find that the ALJ's basis for rejecting this portion of Burton's testimony is without sufficient legal basis.

Therefore, I conclude that the ALJ improperly rejected Burton's testimony. Now I must consider whether to credit Burton's testimony as true. Where an ALJ has ignored or improperly evaluated probative evidence, the court has discretion to credit the evidence as a matter of law.

*Varney v. Secretary of HHS*, 859 F.2d 1396, 1401 (9th Cir. 1988); *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).

The court should credit probative evidence as a matter of law if an ALJ has failed to provide legally sufficient reasons for rejecting such evidence, there are no outstanding issues that must be resolved before a determination of disability can be made and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence were credited. Under these circumstances, it is also appropriate to remand for an immediate award of benefits. *Harman v. Apfel*, 211 F.3d at 1178; *Smolen v. Chater*, 80 F.3d at 1292.

Crediting Burton's testimony as true is appropriate here. First, as discussed above, the ALJ rejected her testimony without giving legally sufficient reasons to do so. Second, there are no outstanding issues to be resolved. Third, the ALJ would be required to find Burton disabled if her testimony were credited.

The Commissioner argues that there are several outstanding issues to be resolved. I disagree. First, the Commissioner wants the ALJ to be given the opportunity to review for the second time a report of an x-ray that was part of the administrative record. There is no legal basis for this request. The record was part of the administrative record; had the ALJ properly considered that particular record the ALJ would have had to find Burton's testimony regarding her neck pain credible.

Next, the Commissioner asks that the ALJ evaluate Burton's mental impairments employing the special technique. The ALJ conducted such an analysis, Tr. 21A, and that analysis is not challenged by Plaintiff.

In addition, the Commissioner claims that the ALJ should be given the opportunity to reevaluate "the opinions of Gajanan Nilaver, M.D., and John Epley, M.D., and, if necessary, obtain

evidence from a medical expert to assist in determining the nature, severity, and limiting effects of

Plaintiff's impairments on or before her DLI…." Defendant's Memorandum at 6. In his opinion the

ALJ did not reject the findings of any of the physicians in this case. On appeal Plaintiff made no

argument about the ALJ's treatment of the opinions of the treating physicians in this case. There is

no outstanding legal issue regarding the opinions of these physicians that would affect a finding of

disability in this case.[1]

Furthermore, Dr. Nilaver treated Burton from November of 2001 through February 2002

after Burton's DLI of June 30, 2000 and the records of her treatment were before the ALJ. There

is no outstanding legal issue regarding the opinions of Dr. Nilaver.

Finally, the Commissioner argues that the ALJ should be allowed to review the new evidence

presented before the Appeals Council. The Appeals Council received as additional evidence a letter

from Plaintiff's counsel dated November 8, 2004, and records from William R. King, Jr., DC. Tr.

10. These records contain treatment notes of Burton's visits to a chiropractor after her 1998 car

accident. *See* Tr. 350-73. Also included in the additional evidence is a report of an x-ray taken on

May 18, 1998. The new records confirm what is contained in the records before the ALJ: that

Burton suffered neck pain as a result of physical changes in her neck after a motor vehicle accident

in 1998.

If the records submitted to the Appeals Council contradicted the administrative record before

the ALJ, then a remand for further proceedings would be warranted. But the new records do not

---

[1] Although there are conflicting medical opinions from Dr. Epley and Dr. Dew regarding whether or not Plaintiff suffers from a medical condition that causes her dizziness, this conflict need not be resolved to find Plaintiff disabled. As discussed *infra* if Plaintiff's testimony regarding her ability to lift were credited as true, then she is presumptively disabled regardless of the opinions of Dr. Epley and Dr. Dew.

contradict evidence in the administrative record. Therefore, because the administrative record before the ALJ is sufficient for a finding of disability in this case, remand for benefits is appropriate.

Therefore, I find that there are no outstanding legal issues. Next, I turn to the question of whether the ALJ would be required to find Burton disabled if her testimony were credited as true. I conclude that the ALJ would have to make such a finding. Burton testified that because of the pain in her feet she is able to stand for a total of four hours in an eight-hour day, but for increments of less than 15 minutes. Tr. 391. She also testified that because of the pain in her neck she is able to lift no more than 10 or 15 pounds. Tr. 406[2]. These functional limitations make her unable to work at a light level and limit her to sedentary work. *See* 20 C.F.R. § 404.1567(b).

At the time of her DLI, June 30, 2000, Burton was 53 years old and approaching advanced age as defined in the regulations. The Vocational Expert testified that even if Burton was able to work at a light exertional level she would not be able to return to her past work. Tr. 404. Because of Burton's age at the time of her DLI and because she has no recent educational or vocational training, *see* Tr. 82 (indicating Burton's education history is limited to high school graduation in 1964 and beauty school training in 1968), the ALJ on remand would be required to find Burton disabled under the rules. *See* 20 C.F.R. § 404 subpt. p, app 2 § 201.00(g).

The court concludes that no useful purpose would be served by further administrative proceedings. The record has been fully developed and the evidence is not sufficient to support the Commissioner's conclusion that Burton is not disabled. *Rodriguez v. Bowen,* 876 F.2d at 763. As a result I do not reach Plaintiffs other arguments.

---

[2] Burton's ability to stand and lift are limited by her bunions and arthritis in her neck, not by dizziness. Therefore, resolving the conflict between Dr. Epley and Dr. Dew would not affect the finding of disability.

## RECOMMENDATION

For the reasons set forth above, the Commissioner's motion for remand (docket # 19) should be DENIED.  The Commissioner's decision should be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due December 28, 2006.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 14th day of December, 2006.


_____/s/ Paul Papak_____
Paul Papak
United States Magistrate Judge


15 - FINDINGS AND RECOMMENDATION